UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CALVIN LESLIE, | Case No.: 3:25-cv-00397-MMD-CSD |
| Plaintiff | **Report & Recommendation of United States Magistrate Judge** |
| v. | |
| CECILIA STERN, et al., | Re: ECF No. 6 |
| Defendants | |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4.

**I. BACKGROUND**

Plaintiff, who is an inmate in the custody of the Nevada Department of Corrections (NDOC), filed a pro se complaint pursuant to 42 U.S.C. § 1983, which the court screened and dismissed without prejudice pursuant to 28 U.S.C. § 1915 and § 1915A. The court initially granted Plaintiff until October 15, 2025, to file an amended complaint curing the identified deficiencies, but later -- after its order was returned as undeliverable -- extended the time to November 5, 2025.

The court's order of October 6, 2025, granting this extension of time and re-sending the order previously returned as undeliverable, has not itself been returned as undeliverable. Nor has Plaintiff filed any amended complaint. Accordingly, because the Plaintiff's complaint in this matter fails to state any colorable claim of a constitutional violation and the time for filing an

amended complaint has expired, the court recommends that the District Judge enter an order dismissing the complaint in this action and closing this case.

## II. STANDARD

Under the statute governing IFP proceedings, "the court shall dismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(A), (B)(i)-(iii).

In addition, under 28 U.S.C. § 1915A, "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, the court "shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b)(1)-(2).

Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1) track that language. As such, when reviewing the adequacy of a complaint under these statutes, the court applies the same standard as is applied under Rule 12(b)(6). *See e.g. Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000) (citation omitted).

The court must accept as true the allegations, construe the pleadings in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969) (citations omitted). Allegations in pro se complaints are "held to less stringent standards than formal pleadings drafted by lawyers[.]" *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (internal quotation marks and citation omitted).

A complaint must contain more than a "formulaic recitation of the elements of a cause of action," it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more … than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (citation and quotation marks omitted). At a minimum, a plaintiff should include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570; *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A dismissal should not be without leave to amend unless it is clear from the face of the complaint that the action is frivolous and could not be amended to state a federal claim, or the district court lacks subject matter jurisdiction over the action. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990).

### III. ANALYSIS

In his complaint filed pursuant to 42 U.S.C. § 1983, Plaintiff alleged that he was falsely arrested on or around December 3, 2019, by Detective Edward Ortega and Investigator O'Malley. The arrest was on the grounds that the power had been turned off at 2017 Santa Rita Dr., Las Vegas, Nevada, but he later learned that the power had been shut off by his landlady and code enforcement pursuant to a request by the detective bureau.

The complaint did not explain Plaintiff's connection to "2017 Santa Rita Dr." or why it was deemed appropriate for police to arrest him for the power being turned off. Plaintiff further alleged that he pleaded guilty to abuse/neglect on June 28, 2022, and that Defendant Puit stated in a newspaper article that Plaintiff had agreed to a 10- to 25-year prison sentence, which was not true. Later, on December 16, 2022, while on house arrest, Plaintiff was given permission by Defendant Tinder to help his neighbor Cecilia Stern clean up her property, but Defendants Lopez and Tinder then remanded him back into custody. He further alleged that Tinder and Lopez violated department policy by refusing to let him look for a job while on house arrest. Plaintiff's complaint named as defendants: (1) Cecilia Stern; (2) W. Lopez; (3) A. Tinder; (4) Glenn Puit, and (5) Las Vegas Code Enforcement.

Section 1983 provides a mechanism for the private enforcement of substantive rights conferred by the Constitution and federal statutes. Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Albright v. Oliver*, 510 U.S. 266, 271 (1994) (internal quotation marks and citation omitted).

To obtain relief pursuant to section 1983, a plaintiff must establish a "(1) a violation of rights protected by the Constitution or created by federal statute, (2) proximately caused (3) by conduct of a 'person' (4) acting under color of state law." *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991); *West v. Atkins*, 487 U.S. 42, 48-49 (1988). To adequately plead the § 1983 elements, a complaint must identify what constitutional right each defendant violated and provide sufficient facts to plausibly support each violation. *See e.g., Jones v. Williams*, 297 F.3d 930, 934 (9th Cir. 2002) (noting defendants must personally participate in misconduct to be

liable under section 1983); *see also Hines v. Yousef*, 914 F.3d 1218, 1228 (9th Cir. 2019) (defendant must have "personally played a role in violating the Constitution.").

The "threshold inquiry in a § 1983 suit" requires courts "to 'identify the specific constitutional right' at issue." *Manuel v. City of Joliet*, 580 U.S. 357, 370 (2017) (citing *Albright*, 510 U.S. at 271). "After pinpointing that right, courts still must determine the elements of, and rules associated with, an action seeking damages for its violation." *Id*. (citing *Carey v. Piphus*, 435 U.S. 247, 257-58 (1978)).

**A. Private Parties**

Neither Defendant Stern nor Defendant Puit are alleged to be state actors and instead appear to be private parties. Private parties do not generally act under color of state law for purposes of § 1983. *See O'Handley v. Weber*, 62 F.4th 1145, 1155-56 (9th Cir. 2023) (stating that only in "exceptional cases" will a private entity be treated as a state actor for constitutional purposes), *cert. denied*, 144 S. Ct. 2715 (2024). To be considered a state actor, a private party must meet either: "(1) the public function test, (2) the state compulsion test, (3) the nexus test [or] (4) the joint action test." *Id.* at 1157. "These tests are interrelated, and they are designed to answer the same key question: whether the conduct of a private actor is fairly attributable to the State." *Ochoa v. Pub. Consulting Grp., Inc.*, 48 F.4th 1102, 1109 (9th Cir. 2022). A party may be treated as a state actor where "there is 'pervasive entwinement of public institutions and public officials in [the private actor's] composition and workings,'" or where "government officials have 'exercised coercive power or [have] provided such significant encouragement, either overt or covert, that the choice must in law be deemed to be that of the State.'" *O'Handley*, 62 F.4th at 1157.

The complaint does not assert any facts to support an inference that Stern or Puit should be treated as state actors. The complaint does not therefore state any § 1983 claim against Defendants Stern and Puit.

**B. False Arrest – December 3, 2019**

Plaintiff alleges that he was falsely arrested on or about December 3, 2019. Plaintiff does not list the arresting officers, Ortega or O'Malley, as defendants, so it is unclear whether he intends to assert a claim of false arrest for the arrest on this date. To the extent he is, however, he has failed to state a colorable claim.

"A claim for unlawful arrest is cognizable under § 1983 as a violation of the Fourth Amendment provided the arrest was without probable cause or other justification." *Lacey v. Maricopa County*, 693 F.3d 896, 918 (9th Cir. 2012) (citation omitted); *Manuel v. City of Joliet, Ill.*, 580 U.S. 357, 367 (2017) ("The Fourth Amendment prohibits government officials from detaining a person in the absence of probable cause.").

Plaintiff does not allege his arrest lacked probable cause, and the complaint otherwise does not contain any facts to support such an inference. In fact, Plaintiff asserts that he was arrested for abuse/neglect and that he later pleaded guilty to that charge. Because Plaintiff was convicted of the offense for which he was arrested, and he has not demonstrated that conviction has been invalidated, his claim is precluded by *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

*Heck* bars any § 1983 claim that would necessarily imply the invalidity of a conviction unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated or called into question. *Id.* Here, a finding that Plaintiff was arrested without probable cause for abuse/neglect would necessarily imply the invalidity of his conviction for his conviction on that

charge. *See Agner v. City of Hermosa Beach*, 315 Fed. App'x 29, 29–30 (9th Cir. 2008) (unpublished opinion). Accordingly, Plaintiff has not stated a colorable claim of false arrest.

### C. Power Shut-Off

Plaintiff asserts that his "landlady" and "code enforcement" had the power shut off at 2017 Santa Rita Dr., Las Vegas, Nevada, at the behest of the police. As noted above, Plaintiff's relation to that address is not explained. And other than the conclusory assertion that "this was retaliation," (ECF No. 1-1 at 3), the complaint is devoid of any facts to state a plausible claim that this action amounted to a constitutional violation.

As to Plaintiff's claim of retaliation, Plaintiff does not identify what type of retaliation he claims or why he was the subject thereof. It appears to be an open question whether a claim of retaliation may be pursued under the Fourteenth Amendment, but even assuming such a claim exists, it would likely be subject to dismissal on qualified immunity grounds. *See Garrett v. Governing Bd. of Oakland Unified Sch. Dist.*, 583 F. Supp. 3d 1267, 1278 (N.D. Cal. 2022); *Ballou v. McElvain*, No. C19-05002-DGE, 2022 WL 3082739, at *2 (W.D. Wash. Aug. 3, 2022).

A claim of retaliation under the First Amendment requires the Plaintiff to "plausibly allege that (1) []he engaged in a constitutionally protected activity, (2) Defendants' actions would chill a person of ordinary firmness from continuing to engage in the protected activity, and (3) the protected activity was a substantial or motivating factor in Defendants' conduct." *Sampson v. Cnty. of Los Angeles by & through Los Angeles Cnty. Dep't of Child. & Fam. Servs.*, 974 F.3d 1012, 1019 (9th Cir. 2020).

The complaint does not contain any facts supporting a claim that Plaintiff engaged in any constitutionally protected activity, that Defendants' actions would chill a person of ordinary firmness from continuing the protected activity, or that the protected activity was the motivating

factor in Defendants' conduct. The complaint therefore does not state a colorable First Amendment retaliation claim.

**D. False Arrest – December 17, 2022**

Plaintiff alleges that while he was on house arrest, Defendants Tinder and Lopez arrested him and remanded him to custody despite giving him permission to help his neighbor clean up her property. The suggestion appears to be that Plaintiff was arrested for helping his neighbor even though he had been given permission to do so, although this is not explicitly stated. The complaint also does not explain why, or in connection with what criminal matter, Plaintiff was on house arrest. Assuming Plaintiff was on house arrest in connection with the abuse/neglect charges referenced in the complaint, he had, at the time of this second arrest, already entered his plea of guilty to those charges.

The situation here – release pending sentencing, after entry of a guilty plea – is more closely analogized to probation than to pretrial release, [1] and as *Heck* applies in the probation revocation context, *see Baskett v. Papini*, 245 Fed. App'x 677, 678 (9th Cir. 2007) (unpublished disposition) ("The district court properly dismissed Baskett's section 1983 action as *Heck*-barred because his allegations necessarily call into question the validity of the probation revocation, and Baskett failed to allege that his sentence has been invalidated."); *Dillard v. Ada Cnty. Jail*, No.

---

[1] While the Fourth Amendment right to be free of unreasonable seizures applies to a person who has been released on pretrial bail, *United States v. Scott*, 450 F.3d 863, 868 (9th Cir. 2006) (quoting *Cruz v. Kauai County*, 279 F.3d 1064, 1068 (9th Cir. 2002)), the protections are less stringent for someone who has been adjudged guilty and is awaiting sentencing, as they are for those on parole or probation. *See id.* at 874 (citing *United States v. Kills Enemy*, 3 F.3d 1201, 1203 (8th Cir. 1993)); *Kills Enemy*, 3 F.3d at 1203 ("A convicted person awaiting sentence is no longer entitled to a presumption of innocence or presumptively entitled to his freedom. . . . As with the parole and probation cases, there is a heightened need for close supervision of the convicted person's activities to protect society and the releasee himself, and the releasee is entitled only to a conditional liberty.").

1:23-CV-00337-AKB, 2023 WL 8833479, at *3 (D. Idaho Dec. 21, 2023), the court concludes it also applies here. Because the complaint contains no facts alleging or supporting the inference that Plaintiff's remand to custody was declared invalid or otherwise called into question, the false arrest claim here is also barred by *Heck v. Humphrey*, 512 U.S. at 487.

**E. Job Search**

Plaintiff asserts that Defendant Lopez violated department policy by refusing to allow him to look for a job while on house arrest. It is unclear how Plaintiff believes this amounted to a constitutional violation of any kind. To the extent Plaintiff's December 17, 2022, arrest was based on his failure to look for or have a job, any claim of false arrest would be precluded for the same reasons set forth above.

Accordingly, because Plaintiff has failed to state any colorable constitutional violation in his complaint in this case, it is recommended that the District Judge enter an order dismissing the complaint and closing this case.

## IV. RECOMMENDATION

IT IS HEREBY RECOMMENDED that the District Judge enter an order DISMISSING the complaint (ECF No. 6) and CLOSING this case.

The Plaintiff should be aware of the following:

1. That he may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of being served with a copy of the Report and Recommendation. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge. Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

Dated: November 14, 2025

_____
Craig S. Denney
United States Magistrate Judge